IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TROY FAULKENDER, CAROL WEBER, PATRICIA KOSTER, ROHN SHELLENBERGER, & LYLE HAMMER,<br><br>            Plaintiffs,<br><br>vs.<br><br>SECURITY BANCSHARES, INC., A KANSAS CORPORATION; DUANE K. RAMSEY, C. LEWIS EVINS, LINDA PLUMMER, DALE R. SCHILLING, AND DAVID W. SUMMERS, as Trustees of the Security Bancshares, Inc. Employee Stock Ownership Plan,<br><br>            Defendants. | Case No. 06-1255-JTM |

MEMORANDUM AND ORDER

This is an action by plaintiffs for damages under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et seq. Plaintiffs are current or former participants in the Security Bancshares Employee Stock Ownership Plan. The plaintiffs were employees of its banks owned by defendant Security Bancshares, Inc., a bank holding company. The plaintiffs allege that the defendants, Security Bancshares and individual trustees, breached their fiduciary duties by failing to optimize Plan returns in not buying stock they believe would have received greater benefits. They seek damages and punitive damages and a jury trial. The matter is before the court on the defendants' motion for dismissal.

The court finds that the matter is appropriate for dismissal. Although the plaintiffs contend that the defendants have actually submitted what is effectively a summary judgment motion which is premature, the court finds that the matter is properly addressed as a motion to dismiss. All of the facts presented in defendants' motion are taken directly from the plaintiffs' complaint; there are no facts cited outside the pleadings. *Bricker v. AuSable Valley Comm. Mental Health Serv.*, No. 06-10044, 2006 WL 35 42694, at *1 n.1 (E.D. Mich. Dec. 7, 2006). Accordingly, the court may proceed to ruling on the motion. The plaintiffs' contention that further discovery should be required is also without merit. The present matter turns directly upon whether the *allegations* advanced by the plaintiffs are legally sufficient, even if they are ultimately supported by evidence. Thus, the court assumes all of the allegations made by the plaintiffs in their complaint are true for purposes of this order. *Moore v. Luther ex rel. Luther,* 291 F.Supp. 2d 1194, 1195 (D. Kan. 2003).

The plaintiffs seek monetary damages and equitable relief based on the Employee Retirement Income Security Act, alleging the violation of ERISA disclosure provisions, breach of fiduciary duty, and failure to pay benefits. Specifically, they allege that Security Bancshares, Inc., created an Employee Stock Ownership Plan ("ESOP") with 401(k) provisions, governed by ERISA. Under the Plan document, the Administrator of the ESOP was an Administrative Committee and (after a 2006 amendment) Security Bancshares, Inc.

All of the named defendants are sued as trustees of the Plan. The plaintiffs are current or former participants of the ESOP.

The plaintiffs generally allege they made requests for "information" or "additional information" from 2004 to 2005 but have not received it.[1] They allege they have sought information on the stock that was not purchased by the Plan. The defendants, whom the plaintiffs allege have "a fiduciary responsibility to plan participants," have not provided the requested information. (Complaint at ¶ 12.)

The plaintiffs further allege that Security Bancshares stock became available for purchase, but the defendants chose not to buy it for the ESOP.  According to the complaint, the defendants "knew or should have known" that buying the Security Bancshares stock would have yielded a higher rate of return, and that this violated the defendants' fiduciary duty.  Accordingly, the plaintiffs seek "damages representing the value of their investment had the breach of fiduciary duty not occurred," (Id. at ¶ 16), as well as attorney fees and punitive damages.

Defendants first argue that the plaintiffs' claim for failure to disclose information (Count I) under 29 U.S.C. § 1024, is defective because it falls short of showing the statutory elements in that the complaint fails to show that the requests (a) were made to the Plan Administrator, (b) were made in writing, and (c) sought documents to which they were entitled.

29 U.S.C.A. § 1024(b)(4) provides that —

The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

---

[1] Plaintiff Shellenberger does not advance any of the alleged disclosure violations (Count I of the Complaint).

Defendants note that all of the defendants are here sued "as Trustees of the Security Bancshares, Inc., Employee Stock Ownership Plan," but § 1024 imposes a duty only on the Plan Administrator. The plaintiffs respond by noting that Security Bancshares is also denominated as the administrator of the Plan. This is correct, but it remains a fact that plaintiffs have presented their claims against defendants *in the wrong capacity*. The named defendants are all sued in their capacities as trustees, not as plan administrators. *McKinsey v. Sentry Ins.*, 986 F.2d 401, 404 (10th Cir. Kan. 1993). Moreover, the plaintiffs provide no response indicating or alleging that their requests were in writing as required by the statute. Finally, the plaintiffs do not show how their particular requests fell within the narrow category of documents which § 1024 requires the administrator to produce: "the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

Instead, the complaint clearly indicates that the plaintiffs' requests were directed at other information — the plaintiffs sought "information as to the value of their interest," "pertaining to calculations," and "stock that was available to, but not purchased." (Complaint ¶ 6, 7, and 8). The language in § 1024 requiring the administrator to provide certain "instruments" must be read in context: the administrator must provide "the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or *other* instruments under which the plan is established or operated." 29 U.S.C.A. § 1024(b)(4) (emphasis added). That is, the final clause must be understood as consistent with the preceding terms to identify the general written documents establishing and maintaining the plan. The plaintiffs'

requests — which focus on specific, tactical, day-to-day operating decisions of the plan — do not fall within the clear language of § 1024.

Second, the defendants argue that dismissal of the plaintiffs' fiduciary and benefits claim should be dismissed because (a) their damages claim for breach of fiduciary duty is not authorized by ERISA, (b) their claim is purely conclusory, and (c) they fail to specify which duties were violated or that the duties allegedly violated are required by ERISA. Thus, defendants argue there is no private damages action for breach of duty under ERISA. They stress that ERISA § 502(a)(2) (29 U.S.C. § 1132(a)(2)) authorizes injunctive relief; and that ERISA § 409 may authorize monetary rewards but these must inure to the plan, not to any individual participant or beneficiary. *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). Thus, ERISA § 409 provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good **to such plan** any losses to the plan resulting from each such breach, and to restore **to such plan** any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

ERISA § 409; 29 U.S.C. §1109(a) (emphasis added).

The defendants also contend that the complaint's general statement that the "defendant-trustees occupied a fiduciary responsibility to plan participants, including the plaintiffs, as set forth by 29 U.S.C. 1002(21)(A), 29 U.S.C. 1104, and elsewhere in the plain language of ERISA, as did defendant Security Bancshares, Inc." (Complaint at ¶ 12) is too conclusory to state a claim, and that the complaint fails to set forth any particular fiduciary duty of ERISA which was violated. ERISA claims advancing a claim of breach of fiduciary duty are subject to heightened

5

pleading standards of Fed.R.Civ.Pr. 8 and 9(b). *See Shaffer v. Eden*, 209 F.R.D. 460, 463 (D.Kan. 2002).

The court finds that dismissal is appropriate. The response of the plaintiffs does not address the argument that private damages claims for breach of fiduciary duty are not authorized under ERISA. The response fails to show how that heightened specificity is not a requirement for breach of fiduciary duty cases (as opposed to denial of benefits claims) under ERISA, or how the conclusory allegations advanced in their complaint could meet such a standard. The only claim of specific nature in the complaint is that the defendants failed to maximize the returns enjoyed by the plan, which plaintiffs fail to show is a duty established by ERISA.

Plaintiffs have also advanced a claim for denial of benefits, but dismissal is appropriate because there is no indication or allegation that the plaintiffs have exhausted their administrative remedies. The plaintiffs wish their stock had been invested differently. But there is no indication that any benefits required by ERISA were actually denied. Even if they were, the plaintiffs must first present and exhaust their complaints through the administrative procedures established by the plan. Since there is no allegation that these complaints of denials of benefits were exhausted, dismissal is justified. *Sandoval v. Aetna Life & Casualty Ins. Co.*, 967 F.2d 377 (10th Cir. 1992).

At the conclusion of their response, the plaintiffs request leave to amend their complaint, but fail to articulate any specific changes which would cure the defects, discussed herein, in the existing complaint. Accordingly, such leave would be futile, and thus no leave will be granted.

IT IS ACCORDINGLY ORDERED this 31st day of May, 2007 that the defendants' Motion to Dismiss (Dkt. No. 8) is hereby granted.

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE